UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT M. PRATT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE SELECTIVE SERVICE ACT ENTITLED; FEDERAL AVIATION ADMINISTRATION; and GOVERNMENT TO PASSENGERS FLIGHT 232 SIOUX CITY IOWA,<br><br>Defendants. | 4:25-CV-04077-RAL<br><br><br>OPINION AND ORDER CONDUCTING 1915A SCREENING OF PLAINTIFF'S COMPLAINT |

Plaintiff Robert M. Pratt, an inmate at Mike Durfee State Prison, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Pratt paid the full civil complaint filing fee.

I.    **1915A Screening**

A.    **Screening Standard**

Because Pratt paid the full civil complaint filing fee, the screening provisions of 28 U.S.C. § 1915(e)(2)(B) are not applicable, and the Court must determine whether screening under 28 U.S.C. § 1915A is required. See Keith v. Summers, No. 4:24-CV-04077-LLP, 2025 WL 267049, at *1–2 (D.S.D. Jan. 21, 2025). "Section 1915A only permits a court to screen a prisoner's complaint if 'a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" Id. at 2 (quoting 28 U.S.C. § 1915A(a)). Pratt is a prisoner for purposes of § 1915A, as he filed his complaint while in custody and currently remains in custody.[1] See Doc.

---

[1] See Offender Locator, South Dakota Department of Corrections, https://docadultlookup.sd.gov/adult/lookup/details/?id=Z0Fx7lDtfpU= (last visited Feb. 5, 2026).

1 at 7. Pratt names as defendants the "United States Department of Justice Selective Service Act Entitled; Federal Aviation Administration; and Government to Passengers Flight 232 Sioux City Iowa et al By Determination[.]" Id. at 1 (capitalization in original omitted). Liberally construing Pratt's complaint, this Court understands him to be suing two governmental entities: the Selective Service System, an independent federal agency,[2] and the Federal Aviation Administration, an organization within the United States Department of Transportation.[3] Pratt has therefore named governmental entities such that this Court must screen his claims under § 1915A. See Ehlers v. U.S. Navy, No. 16-CV-30, 2016 WL 1592478, at *2 (D. Minn. Mar. 14, 2016) (holding that even if some defendants are not government actors, "[u]nder § 1915A(a), the screening requirement is triggered when a prisoner seeks redress from a governmental defendant. Section 1915A(b) is clear that, once this screening requirement is triggered under § 1915A(a), the court's review must encompass the *entire* complaint, including any portions of the complaint that would not have been subject to screening if not filed alongside the claims that triggered screening."), report and recommendation adopted by, 2016 WL 1559136, at *1 (D. Minn. Apr. 18, 2016).

### B. Factual Background as Alleged by Pratt

In addition to his complaint, Doc. 1, Pratt filed numerous supplements. Docs. 5, 8, 9, 11, 12, 13, 14, 16, 17, 18, 19.[4] While this Court takes as true the well-pleaded facts alleged in the

---

[2] See About Selective Service, Selective Service System, https://www.sss.gov/about/ (last visited Feb. 5, 2026). Alternatively, if Pratt intended to name the United States Department of Justice as a defendant, that entity would qualify as a governmental entity for purposes of screening under § 1915A as well.
[3] See A Brief History of the FAA, Federal Aviation Administration, https://www.faa.gov/about/history/brief_history (last visited Feb. 5, 2026).
[4] In considering whether Pratt has stated a claim upon which relief may be granted, the Court may look to "documents necessarily embraced by the complaint." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017) (citing Enervations, Inc. v. Minn. Min. & Mfg. Co., 380 F.3d 1066, 1069 (8th Cir. 2004)).

2

complaint, Pratt's allegations fail to provide a coherent statement of the facts or state how the defendants' conduct resulted in Pratt's alleged injuries.[5] Pratt's filings taken as a whole and construed liberally appear to be asserting a claim under the Federal Tort Claims Act (FTCA). While unclear what injuries Pratt is alleging to have suffered as a result of the defendants' conduct, he appears to be alleging that he suffered from radiation exposure, Doc. 8 at 1, Doc. 11 at 2, exposure to toxic herbicides, Doc. 19 at 4, and various disabilities, Doc. 16 at 17, 20–21.

Pratt's complaint and filings do not indicate how the defendants' conduct resulted in his alleged injuries. Pratt alleges at one point that "each of the three bear a consequence (Defendants) resulting and appearingly strongly to undermine federal civil service; safety, efficiency justified American formed government resolve." Doc. 16 at 2. While references to the defendants are sparse in Pratt's voluminous filings, he does provide a few statements that specifically mention the defendants. For instance, regarding the Selective Service System, Pratt alleges that "[p]erformance for person fulfilling obligation of Selective Service whether by leadership in assignment, of film by the military, or with cooperation of the military only when you are assaulted injury compromises your fit survivability are most approved to reflex the obligation you are, or other in performance not precluded." Doc. 1 ¶ 9.

It is not clear from Pratt's complaint what relief he seeks. See generally Doc. 1. In one of his supplements, however, Pratt appears to request $50,000, which this Court construes as a claim

---

[5] Pratt's numerous filings are mostly comprised of statements that are unrelated to the complaint and appear loosely tethered to reality. See, e.g., Doc. 1-2 at 2 (a letter from Pratt to Senator Kevin McCarthy inquiring as to whether there is any relation between the Senator and the late Senator Joseph McCarthy and stating "[i]nvestigator correct their record by a [sic] elephant with wings."); Doc. 5 at 6 ("And child Pratt allowed to present even formerly successful person for role introduced one for start known as Regis Philbin."); Doc. 9-1 at 15–20 (includes excerpts from "Blood Fiction," ostensibly a novel written by Pratt).

for monetary damages. See Doc. 16 at 2 ("Purchasable imprisoned self help material describe an Attorney may in districts award U.S. $50,000.000[.]"). Pratt also requests the following relief:

> WHEREFORE DECLARANT prays this honorable Court as if this pleading sufficiently meets the requirement for relief [his release from imprisonment][6] so that other might find satisfaction in their freedom they of Oathe upon testimony they also are victim of injustice. And, Order expunging criminal character of declarant that has carried by condition elsewhere. From De Smet ransom siding with combatant in declared war un-conditional surrender for subsiding genocide.

Doc. 9-1 at 27 (brackets in original). Additionally, Pratt requests a medical exam pursuant to 38 U.S.C. § 1168 and cites to 38 U.S.C. § 1710, which provides that veterans with service-connected disabilities may receive hospital care and medical services. Doc. 19 at 4.

### C.   Legal Standard

A court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

---

[6] The current action is not the appropriate vehicle for seeking release from custody. Heck v. Humphrey, 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."). Pratt has previously filed petitions for writs of habeas corpus, all of which were dismissed. See Pratt v. People of the State of South Dakota, No. 4:17-CV-04115-LLP, Doc. 21 (Oct. 27, 2017) (discussing Pratt's history of habeas actions); id. at Doc. 24 (Nov. 27, 2017) (dismissing Pratt's petition for writ of habeas corpus with prejudice).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" Twombly, 550 U.S. at 555 (citations omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This Court will now assess Pratt's claims under 28 U.S.C. § 1915A.

### D.     Legal Analysis

#### 1.     Claims Against Government to Passengers Flight 232 Sioux City Iowa et al by Determination

Pratt names as one of the defendants "Government to Passengers Flight 232 Sioux City Iowa et al By Determination[.]" Doc. 1 at 1 (capitalization in original omitted). Pratt appears to be referencing the 1989 crash of United Airlines Flight 232 in Sioux City, Iowa, but his complaint and various filings shed no light on whom he is attempting to assert claims against, what claims he is attempting to assert, or what injury Pratt suffered as a result of this tragic plane crash. Because Pratt does not provide the defendant with fair notice of the claims being asserted against it, any claims Pratt intended to assert against "Government to Passengers Flight 232 Sioux City Iowa et al By Determination" are dismissed for failure to state a claim upon which relief may be

granted under 28 U.S.C. § 1915A(b)(1). See Batchelder v. I.N.S., 180 F. App'x 614, 615 (8th Cir. 2006) (per curiam) (affirming the district court's dismissal of a complaint because its "largely unintelligible and incomprehensible allegations fail to provide fair notice of [the plaintiff's] claims and the grounds upon which they rest.")

### 2.     Federal Tort Claims Act

On the first page of his complaint, Pratt references that he was "[s]eized" from his previous address on February 20, 1991, "under F.T.C.A. §§ 1346(b), 2671–80[,]" which this Court liberally construes as Pratt asserting a claim under the Federal Tort Claims Act (FTCA). Doc. 1 at 1. The FTCA waives sovereign immunity for claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). This Court liberally construes Pratt's filings to be asserting claims under the FTCA against the Selective Service System and the Federal Aviation Administration for injuries he has suffered from exposure to various toxic substances. Doc. 1 at 1.

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993). Exhaustion involves a "presentment requirement," which requires that the plaintiff "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). "Conformity with the presentment requirement is necessary for federal courts to have subject matter jurisdiction over a subsequent action." A.M.L. ex rel. Losie v. United States, 61 F.4th 561, 564 (8th Cir. 2023) (citing Mader v. United States, 654 F.3d 794, 805 (8th Cir. 2011) (en banc)).

The presentment requirement of § 2675(a) "is jurisdictional and must be pleaded and proven by the FTCA claimant." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). Although the FTCA does not identify the exact information plaintiffs must provide to properly "present" their claim to a federal agency, the Attorney General has promulgated a regulation defining § 2675(a)'s presentment requirement. See 28 C.F.R. § 14.2(a). Section 14.2(a) provides in relevant part that:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant ... [1] an executed Standard Form 95 or other written notification of an incident, [2] accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]

28 C.F.R. § 14.2(a). The presentment requirement "is not an onerous one, and courts 'liberally construe an administrative charge for exhaustion of remedies purposes.'" Anderson v. United States, No. 21-CV-02088, 2025 WL 3551733, at *6 (D. Minn. Dec. 11, 2025) (quoting Allen v. United States, 590 F.3d 541, 544 (8th Cir. 2009)). At the same time, the presentment requirement serves to "provide[] federal agencies a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit." Mader, 654 F.3d at 800–01. Balancing these two interests, a claimant satisfies the presentment requirement for purposes of § 2675 when the claim includes "(1) sufficient information for the agency to investigate the claims, ... and (2) the amount of damages sought[.]'" Farmers State Sav. Bank v. Farmers Home Admin., 866 F.2d 276, 277 (8th Cir. 1989) (citations omitted) (collecting cases).

Even with a liberal construction of his filings, Pratt does not show that he has satisfied the presentment requirement. Pratt includes in his filings certain correspondences with the Department of Veterans Affairs ("VA"), but to the extent that he included these letters to demonstrate that he properly presented his claims, the letters are not enough to satisfy the

7

presentment requirement. Pratt does not provide copies of any claims he submitted, but instead provides letters from the Department of Veterans Affairs ("VA") acknowledging previous correspondences from Pratt. Doc. 8 at 1; Doc. 16 at 20.

One letter from the VA, dated August 21, 2025, states that the VA "received unexplained contentions[]" from Pratt and could not process his request until he clarified what he was requesting. Doc. 16 at 20. The other letter provides instructions for Pratt to submit additional required information, states that the VA "is working on [Pratt's] claim[,]" and that the VA has requested radiation exposure documents from the Air Force. Doc. 8 at 1. None of the letters Pratt provides, however, demonstrate that Pratt filed a claim that gave the agencies sufficient information to investigate his claims, or that he provided these agencies with the amount of damages he sought.[7] While pro se complaints are liberally construed, a pro se complainant is still required to comply with the procedural requirements specified by Congress set forth in the FTCA. McNeil, 508 U.S. at 113. Because Pratt has not satisfied the presentment requirement, any claims he intended to assert under the FTCA are dismissed for lack of subject-matter jurisdiction.[8]

---

[7] Pratt also includes a letter from the United States Food and Drug Administration, dated March 28, 2024, "in response to [Pratt's] February 24, 2025, letter regarding [Pratt's] lumbar surgery[,]" and advising Pratt to consult his primary care physician for questions about medical conditions and treatment. Doc. 1-2 at 3. The relevance of this letter to Pratt's complaint is unclear, and the Court notes that the dates above, though implausible, appear as they do in Pratt's filings.

[8] This Court likely also lacks subject-matter jurisdiction under the Feres Doctrine as defined by the Supreme Court of the United States in Feres v. United States, 340 U.S. 135 (1950). While the FTCA generally waives sovereign immunity for claims against the United States for monetary damages, the Feres Doctrine provides that the "United States retains its sovereign immunity for torts it commits against service members for injuries that 'arise out of or . . . in the course of activity incident to service.'" Beck v. United States, 125 F.4th 887, 890 (8th Cir. 2025) (quoting Feres, 340 U.S. at 146). Pratt seems to suggest that his injuries are service-related. See, e.g., Doc. 16 at 17, 20–21; Doc. 19 at 4. To the extent that Pratt attempts to assert claims against the defendants for service-related injuries, his claims are dismissed under the Feres Doctrine.

### 3. Failure to State a Claim

Even if Pratt had satisfied the procedural requirements to state a claim under the FTCA, his complaint fails to state a claim upon which relief may be granted. See generally Doc. 1; see also Docs. 5, 8, 9, 11, 12, 13, 14, 16, 17, 18, 19. To provide a defendant with notice as required by the Federal Rules of Civil Procedure, the plaintiff must do more than place a defendant's name in the caption. See Mencin v. City of Troy Police, No. 4:24-CV-852, 2024 WL 4370846, at *3 (E.D. Mo. Oct. 2, 2024) ("Simply placing a defendant's name in the caption is not enough to assert their responsibility."). Here, Pratt fails to provide a cognizable link between the defendants' conduct and his alleged injuries, see generally Docs. 1, 5, 8, 9, 11, 12, 13, 14, 16, 17, 18, 19, and his filings fail to provide the defendants with fair notice of Pratt's claims against them. See Batchelder, 180 F. App'x at 615 (affirming the district court's dismissal of a complaint because its "largely unintelligible and incomprehensible allegations fail to provide fair notice of [the plaintiff's] claims and the grounds upon which they rest."); Krych v. Hvass, 83 F. App'x 854, 855 (8th Cir. 2003) (per curiam) (holding that a plaintiff "failed to state any claim whatsoever" against defendants when "he merely listed these individuals as defendants in his complaint and did not allege they were personally involved in the constitutional violations."). Therefore, Pratt's complaint is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

## II. Remaining Motions

Pratt also filed a motion entitled "Motion for Restatement of Judgment's Sentence by Recipient Public Officer Compelled Under Oathe by a Prohibition[,]" which this Court construes as a motion to set aside his criminal conviction. Doc. 10 at 1. In very limited circumstances, Rules 59 and 60 of the Federal Rules of Civil Procedure give a court the authority to set aside a judgment.

See, e.g., United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) ("Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." (citation modified)); Gonzalez v. Crosby, 545 U.S. 524, 528 (2005) ("Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."). But those rules only apply to judgments entered by the court in a case pending before it. See, e.g., Courtney-A of The Family: Bradley v. Evans, No. 4:25-CV-254 HEA, 2025 WL 3640399, at *2 (E.D. Mo. Dec. 16, 2025) (denying a plaintiff's Rule 59(e) motion challenging the validity of a state court ruling under the Rooker-Feldman doctrine).

Here, Pratt is challenging his October 22, 1992 state-court conviction. Doc. 10 at 1; see also Doc. 9-1 at 3. Pratt's filings include the Judgment of Conviction and Sentence from the Third Judicial Circuit, Kingsbury County, South Dakota, and sentencing him to 100 years at the South Dakota State Penitentiary. Doc. 9-1 at 36–38. To the extent Pratt seeks to set aside a judgment entered in a case other than the present case, a motion seeking to set aside such judgment must be filed in the case in which the judgment was entered, and his motion to set aside his criminal conviction, Doc. 10, is denied. Although Pratt's claims are unclear, he plainly is not pursuing a petition under 28 U.S.C. § 2254 to challenge the constitutionality of his state court conviction and sentence.

In a supplement he filed with the Court, Pratt stated that he was "[r]equesting deference in assistance appointed counsel." Doc. 16 at 1. This Court liberally construes this to be a motion to appoint counsel. Because all of Pratt's claims have been dismissed, however, his motion to appoint counsel, Doc. 16, is denied as moot.

As a final matter, Docket 13 appears to be an attempt by Pratt to file a new complaint against Dr. David Bean. Doc. 13 at 1. While Pratt lists the case number for the current case on the first page of the document, he provides a different case caption with a different defendant, and states a claim distinct from the FTCA claims he asserts in the present case. Id. If Pratt wants to sue a different defendant like Dr. Bean, Pratt must file a separate complaint in a new case, and either file a motion for leave to proceed in forma pauperis or pay the full civil complaint filing fee of $405.

### III. Conclusion

Accordingly, it is

ORDERED that Pratt's complaint, Doc. 1, is dismissed for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1). It is further

ORDERED that Pratt's Motion for Restatement of Judgment's Sentence by Recipient Public Officer Compelled Under Oathe by a Prohibition, Doc. 10, is denied. It is finally

ORDERED that Pratt's motion to appoint counsel, Doc. 16, is denied as moot.

DATED February 20th, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE