UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT M. PRATT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE SELECTIVE SERVICE ACT ENTITLED, FEDERAL AVIATION ADMINISTRATION, GOVERNMENT TO PASSENGERS FLIGHT 232 SIOUX CITY IOWA,<br><br>Defendants. | 4:25-CV-04077-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL AND DIRECTING PAYMENT OF AN INITIAL PARTIAL FILING FEE |

Plaintiff Robert M. Pratt, an inmate at Mike Durfee State Prison, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Pratt paid the full civil complaint filing fee. This Court screened the Complaint under 28 U.S.C. § 1915A, dismissed the Complaint for lack of subject-matter jurisdiction, and denied other motions filed by Pratt. Doc. 20 at 11. Pratt filed a Notice of Appeal, Doc. 25. When Pratt filed his Notice of Appeal, Pratt's post-judgment motion to modify, Doc. 22, and motion for reconsideration, Doc. 24, were pending. This Court denied Pratt's post-judgment motions, Doc. 29, and Pratt has now filed a Motion for Leave to Proceed in Forma Pauperis on Appeal, Doc. 31, along with his Prisoner Trust Account Report, Doc. 32.[1].

---

[1] Before Pratt filed his Motion for Leave to Proceed in Forma Pauperis on Appeal, the United States Court of Appeals for the Eighth Circuit issued an Order directing Pratt to pay the appellate filing fee or move for IFP status by May 13, 2026. Doc. 28. When Pratt did not timely comply with the Eighth Circuit's Order, the Eighth Circuit issued an Order on May 28, 2026, requiring Pratt show cause why his appeal should not be dismissed for failure to prosecute. Doc. 31.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who "files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (omission in original) (quoting In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Id. (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." Id. (citing Newlin v. Helman, 123 F.3d 429, 432 (7th Cir. 1997)).

In Henderson, the United States Court of Appeals for the Eighth Circuit outlined "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. Id. First, the Court must determine whether the appeal is taken in good faith. Id. at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the Court with a certified copy of his prisoner trust account, the Court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." Id. The initial partial filing fee must be 20 percent of the greater of:

(A)     the average monthly deposits to the prisoner's account; or

(B)     the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

It appears that Pratt's appeal is taken in good faith. Pratt's Prisoner Trust Account Report shows average monthly deposits of $162.50 and an average monthly balance of $124.25. Doc. 32. Based on the information in Pratt's Prisoner Trust Account Report, the Court grants Pratt's Motion

2

for Leave to Proceed in Forma Pauperis on Appeal, Doc. 31, but he must pay an initial partial filing fee of $32.50 (20 percent of his average monthly deposits). Pratt must pay the initial partial filing fee of **$32.50 by July 9, 2026**.

Thus, it is

ORDERED that Pratt's Motion for Leave to Proceed in Forma Pauperis on Appeal, Doc. 31, is granted. Pratt must make a payment of **$32.50 by July 9, 2026**, made payable to the Clerk, U.S. District Court. It is further

ORDERED that the Clerk of Court will send a copy of this Order to the appropriate financial officer at Pratt's institution. It is finally

ORDERED that the institution having custody of Pratt is directed that whenever the amount in Pratt's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Pratt's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $605 appellate filing fee is paid in full..

DATED this 9ᵗ day of June, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

3